# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARCELLA G. STOWERS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1452**  (BOR Appeal No. 2046837)
                       (Claim No. 2011001465)

**CHARLESTON AREA MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marcella G. Stowers, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 14, 2012, in which the Board reversed a December 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 7, 2010, decision closing the claim for temporary total disability benefits. It also reversed the claims administrator's February 10, 2011, decision denying a referral to Anthony M. Alberico, M.D., and a June 16, 2011, decision denying a request for a pain clinic consultation and treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stowers worked for Charleston Area Medical Center, Inc. as a registered nurse. On May 31, 2010, she was transporting a patient in a bed when the wheel of the bed became stuck on a carpet strip. She had to pull on the bed to get it rolling. Ms. Stowers felt pain in low back radiating into her left leg and foot. The claim was only held compensable for lumbar sprain. Marsha L. Bailey, M.D., found that Ms. Stowers had reached maximum medical improvement

1

for her only compensable condition, a lumbar sprain. On September 7, 2010, the claims administrator closed the claim for temporary total disability benefits, and in a separate decision on February 10, 2011, the claims administrator denied a referral for Dr. Alberico. The claims administrator also denied a request for a pain clinic consultation and treatment on June 16, 2011, based on Dr. Bailey's findings.

The Office of Judges reversed the claims administrator's September 7, 2010, decision and reinstated Ms. Stowers's temporary total disability benefits. The Office of Judges also reversed the claims administrator's February 10, 2011, decision and authorized a referral to Dr. Alberico. The Office of Judges further reversed the claims administrator's June 16, 2011, decision and authorized the pain clinic consultation and treatment. The Board of Review reversed the Office of Judges' December 23, 2011, Order and reinstated the claims administrator's September 7, 2010, February 10, 2011, and June 16, 2011, decisions. It held that Ms. Stowers's inability to work and need for referrals to Dr. Alberico and the pain clinic are not related to the compensable condition but to a pre-existing condition based on the report of Dr. Bailey. On appeal, Ms. Stowers disagrees and asserts that she is unable to continue working due to her work injury and that the medical evidence shows that her injury is not just a lumbar sprain. Charleston Area Medical Center, Inc. maintains that Ms. Stowers has not demonstrated that continuing temporary total disability benefits or the requested treatment is reasonably required as a result of her compensable injury.

The Board of Review correctly reversed the Office of Judges' Order. The Office of Judges' findings are not substantiated by the record. The record does not clearly prove that the June 4, 2010, MRI shows any change in Ms. Stowers's condition since the November 18, 2009, MRI. The Board of Review relied on Dr. Bailey's report. Dr. Bailey found it significant that Ms. Stowers's November 18, 2009, MRI is identical to the MRI obtained on June 4, 2010, five days after the compensable injury. She found that Ms. Stowers had reached her maximum medical improvement for the compensable lumbar sprain of May 31, 2010, and that her ongoing symptoms were caused by her pre-existing non-occupational condition, specifically her herniated disc. Dr. Bailey noted that Ms. Stowers's symptoms predated this injury by almost one year.

We agree with the reasoning and conclusions of the Board of Review. Dr. Bailey found Ms. Stowers has reached her maximum medical improvement for the compensable injury and can return to work. She has attributed Ms. Stowers's ongoing symptoms and disability to a pre-existing condition. Ms. Stowers was receiving treatment for the same symptoms of back pain radiating into her left leg in the year prior to this injury. There is no evidence in the record that proves Dr. Bailey's report is unreliable or not credible. Therefore, the Board of Review correctly relied on Dr. Bailey's report and denied Ms. Stowers's requests for medical treatment and for reopening her claim for temporary total disability benefits. This Court affirms the Order of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   July 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman